ALTENBERND, Judge,
concurring.
If I could convince myself that this court had the authority to prohibit jurors from viewing these videotapes during their deliberations, I would reverse this conviction. I believe that authority rests only with the supreme court.
At trial, the older victim denied that the defendant had ever assaulted her. The younger victim testified that the defendant had touched her “peepee” with his finger while she was fully clothed, and that he had done the same to her older sister. The victims’ parents, however, observed physical evidence of vaginal penetration on the day of the alleged assaults.
The critical videotapes in this case are recorded interviews conducted by a member of a child protection team. In a comfortable setting similar to a living room, both victims answered the questions of the team member and described the defendant’s digital contact with their genitals. In light of the victims’ testimony at trial, the videotapes of the earlier interviews were very critical evidence.
The videotaped interviews were not conducted in the presence of any representative of the defendant, and the victims were not subjected to anything comparable to confrontation or cross-examination during those interviews. The jury saw and heard the victims’ testimony in the courtroom on only one occasion. That testimony was relatively favorable to this defendant. In contrast, the members of the jury were given the opportunity to view the earlier videotaped interviews as often as they wished during their deliberations.
If anything, these videotaped interviews are less reliable than a typical deposition. The lack of confrontation raises serious Sixth Amendment concerns. Capital sexual battery cases may require a modified approach to evidentiary issues because of the tender age of the victims, but the potential prejudice caused by the submission of videotapes to the jury seems to outweigh even society’s great need to vigorously prosecute these offenses.